[Cite as *State v. Rhea*, 2018-Ohio-2597.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No. E-17-051

      Appellee                                   Trial Court No. TRD 1703494

v.

Lawrence P. Rhea                                **DECISION AND JUDGMENT**

      Appellant                                  Decided:  June 29, 2018

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Martha S. Schultes, Assistant Prosecuting Attorney, for
appellee.

Geoffrey L. Oglesby, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Lawrence P. Rhea, appeals from the August 7, 2017 judgment of

the Erie County Municipal Court finding appellant guilty, following a bench trial, of

driving under suspension, a violation of R.C. 4510.11, and fined him $100, plus court

costs. The municipal court granted a stay of execution of its judgment pending appeal. For the reasons which follow, we affirm.

{¶ 2} On appeal, appellant asserts the following assignments of error:

Assignment of Error No. I

The trial court erred in convicting the Defendant and a conviction predicated upon an improperly denied suppression must be reversed.

Assignment of Error No. II

The Court erred in denying the Defendant time to file a motion to suppress since it was in the interest of justice.

Assignment of Error No. III

The Court erred in denying the Defendant's motion in limine since there was highly prejudicial and inadmissible evidence that the court allowed to be presented at trial.

{¶ 3} The traffic citation was issued against appellant on May 26, 2017, for driving a vehicle on public highways when his license was under suspension due to forfeiture. His arraignment was initially scheduled for June 7, 2017, but was continued until June 14, 2017. At a pre-trial conference on July 21, 2017, a trial date was set for August 4, 2017, thirteen days later. On the morning of trial, appellant failed to appear but counsel filed a notice of appearance and a motion for discovery. Appellee filed its discovery evidence. Appellee's counsel also filed a motion for leave to file a motion to

2.

suppress. Although appellee was prepared to go to trial, the trial court granted a continuance to August 7, 2017, but denied the motion for leave.

{¶ 4} At trial, appellant again sought a continuance, which was denied. He also orally requested a motion in limine to exclude evidence that he was driving under a suspended license on the ground that there was no basis for the traffic stop. The trial court also denied the oral motion.

{¶ 5} All of appellant's assignments of error are interrelated and will be addressed together. In his first assignment of error, appellant argues the trial court erred in convicting him when his conviction was predicated by an improperly denied motion to suppress. In his second assignment of error, appellant argues that the trial court erred in denying his motion for leave to file a motion to suppress. Finally, in his third assignment of error, appellant argues the trial court erred in denying his oral motion in limine asserted at trial.

{¶ 6} We first consider whether the trial court erred in denying appellant's motion for leave to file an untimely motion to suppress.

{¶ 7} A motion to suppress is a pre-trial motion and must be filed within 35 "days after arraignment or seven days before trial, whichever is earlier." Crim.R. 12(D). The trial court has the discretion to extend the time for making pretrial motions "in the interest of justice * * *." *Id*. Unless the time limits are honored, the state would lose its right to appeal the granting of the motion prior to trial. *State v. Phillips*, 74 Ohio St.3d 72, 97, 656 N.E.2d 643 (1995); *State v. Smith,* 12th Dist. Butler No. CA2009-02-038,

3.

2010-Ohio-1721, ¶ 77.  We review the trial court's decision under an abuse of discretion standard.  *State v. Garrett,* 2d Dist. Greene No. 2004 CA 110, 2005-Ohio-4832, ¶ 14.  An abuse of discretion standard requires that we find the trial court's decision was an "unreasonable, arbitrary, or unconscionable use of discretion, or as a view or action that no conscientious judge could honestly have taken."  *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.

{¶ 8} Appellant argues that it was unjust to require him to file a motion to suppress before he was provided with discovery on the morning of trial.  He argues that the production of evidence should toll the time for filing the motion.  We disagree.  Appellant's counsel did not enter an appearance until the morning of trial.  Therefore, the inability to file a timely motion to suppress is attributable solely to appellant's conduct.  We find the trial court did not abuse its discretion by denying the motion for leave.  *Compare State v. Davis*, 4th Dist. Jackson No. 03CA16, 2004-Ohio-1226, ¶ 12, 19 (failure to file was due to defendant's delay in securing counsel); *Cleveland v. Greissing*, 8th Dist. Cuyahoga No. 60666, 1991 Ohio App. LEXIS 2683, *8 (June 6, 1991) (delay in filing of discovery was the cause of the state's failure to timely file a motion to suppress).

{¶ 9} Second, we find that since the trial court did not consider whether there was a basis for granting a motion to suppress, we cannot review the merits of the motion to suppress.  Third, the trial court denied the motion in limine because it was actually an improper attempt to address the motion to suppress.  We find the trial court did not err by

4.

denying the motion on that basis. *Compare State v. Corbett*, 6th Dist. Williams No. WM-00-002, 2001 Ohio App. LEXIS 2648, *13-14 (June 15, 2001).

{¶ 10} Accordingly, appellant's first, second, and third assignments of error are not well-taken.

{¶ 11} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Erie County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                      JUDGE

Arlene Singer, J.         

Christine E. Mayle, P.J.        _____
CONCUR.                                                JUDGE

_____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.